UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 23-3034

———————————

UNITED STATES OF AMERICA,                              Appellee,

v.

NIZAR TRABELSI,                                        Appellant.


**REPLY OF THE UNITED STATES IN SUPPORT OF ITS MOTION TO EXPEDITE APPEAL AND FOR SUMMARY AFFIRMANCE.**

For more than 10 years, Trabelsi has doggedly fought the United States in its efforts to bring him to trial for terrorism-related crimes committed almost 20 years ago. This is Trabelsi's third interlocutory appeal challenging his extradition from Belgium to the United States. This Court has rejected these legal claims twice in published decisions after full briefing and argument. As the district court has put it, "[a]t some point, this delay must come to an end, and this case must proceed to trial. Because Trabelsi offers no new evidence that is even remotely material under the law of the case—and because any argument to the

contrary is frivolous—that time is now." Memorandum Opinion and Order, *United States v. Trabelsi*, No. 06-cr-89, slip op. at 11 (D.D.C. March 10, 2023) (Dkt. 528) ("Mem. Op."). The years of delay occasioned by these appeals have severely prejudiced the ability of the United States to prosecute Trabelsi. Essential foreign witnesses outside the subpoena power of the United States, including a judge from Belgium, have informed trial counsel that they will refuse to participate in the trial if this decade-old case is delayed yet again. For the reasons explained herein, this Court should summarily affirm the district court's denial of Trabelsi's motion to dismiss the indictment because the "merits of the parties' positions are so clear as to warrant summary action." *United States v. Smith,* No. 02-3025, 2002 WL 1364615, at *1 (D.C. Cir. 2002) (summarily affirming denial of defendant's motion to dismiss indictment for alleged double-jeopardy violation).

Despite a scheduled trial date of May 8, 2023, Trabelsi demands full briefing and argument for this Court to consider "significant new evidence not earlier obtainable" (Trabelsi's April 25, 2023, Response in Opposition to Appellee's Motion for Summary Affirmance (Opp.) 2). According to Trabelsi, a September 2022 decision of the Brussels Court

2

of Appeal and a December 2022 Diplomatic Note establish, for the first time, an official acknowledgment by the Belgian State that the United States prosecution violates the terms of the Extradition Treaty (Opp. 3-7). However, the district court closely examined these contentions and concluded that Trabelsi's reliance upon these documents presents an even "weaker" claim than the arguments this Court squarely rejected in *United States v. Trabelsi*, 28 F.4th 1291 (D.C. Cir. 2022) (*Trabelsi V*). *See* Mem. Op. at 8. Trabelsi does not address the district court's analysis and merely repeats the claims previously rejected by this Court and the district court. He also complains about his medical treatment and alleged incapacity to proceed to trial (Opp. 14-18). However, these issues are wholly irrelevant and not properly before this Court on interlocutory appeal.

### A. The 2022 Brussels Judicial Decision and Diplomatic Note Do Not Warrant Revisiting This Court's Prior Decisions Concerning Trabelsi's Extradition.

According to Trabelsi, the September 2022 decision from the Brussels Court of Appeal and the December 2022 Diplomatic Note issued by the Belgian State constitute new evidence warranting full briefing and argument (Opp. 7). The district court properly rejected this argument.

The September 12, 2022, decision by the Brussels Court of Appeal opined: "Article 5.1 of the Extradition Treaty of 1987 concerns the identity of the act and not the identity of the qualification." See Dkt. 509-2 at 54 (emphasis in original) (internal quotation marks omitted). The decision also noted that "the Minister d[id] not respect the exclusion from the exequatur of overt acts 23 to 26," *id.* at 12, and it "[d]irect[ed] the Belgian state to address to the American authorities a diplomatic note whereby it requests [Trabelsi's] return on Belgian territory by committing to negotiating among them the possible modalities of such repatriation," *id.* at 83.

Pursuant to this September 2022 order, the Belgian State transmitted a Diplomatic Note on December 13, 2022 (Dkt. 507 at 5-6). In relevant part, that Note stated:

> On September 12, 2022, the Brussels Court of Appeals ordered the Belgian Government to request by diplomatic note the return of Nizar Trabelsi and to discuss the conditions of his return. The Government of Belgium transmits this Diplomatic Note, with the abovementioned request, in fulfillment of the order. (Dkt. 507-2 at 2.)

As the district court explained (Mem. Op. 5-9), however, the 2022 judicial opinion and Diplomatic Note offer nothing new. The September 2022 Brussels Court of Appeals decision merely echoes previous Belgian

4

court rulings about the inability of the United States to prosecute Trabelsi for certain overt acts due to the *non bis in idem* principle. Mem. Op. 7 (citing *Trabelsi V*, 28 F.4th at 1300). The Belgian State has lodged an appeal from the September 2022 decision of the Brussels Court (Dkt. 509 at 7).[1] Indeed, as the district court noted, the Brussels Court of Appeal acknowledged—as recently as September 2022—that the Minister of State has refused to exclude the overt acts from the scope of the 2011 Extradition Order. *Id.*

The December 2022 Diplomatic Note also does not change the picture. "As with previous communications from the Belgian state, the Diplomatic Note's language suggests 'that the Ministry only transmitted the judgment because it was obligated to do so, not because it represented the Belgian state's position.'" Mem. Op. at 8 (quoting *Trabelsi V*, 28 F.4th at 1301-02) (cleaned up). More importantly, the Diplomatic Note merely requests the return of Trabelsi and does not question this Court's understanding of the scope of the Extradition Order. Mem. Op. 8. Although the Note requests Trabelsi's return, it does not demand an

---

[1] We have attached documentation of this appeal to this pleading as Exhibits 1 and 2. The documents are in French. Should the Court wish, we will provide a translated version.

5

immediate return, let alone demand Trabelsi's return before trial in this case is completed.

Without addressing the district court's analysis, Trabelsi asserts that the Diplomatic Note changes everything because: (1) it is a Diplomatic Note rather than a mere letter or judicial opinion; (2) the content of the Diplomatic Note contains no express language evidencing disagreement with the Belgian judiciary; and (3) the Note requests the return of Trabelsi to Belgium (Opp. 7-14). These claims fail.

Although the Diplomatic Note represents "a more formalized method of communication between sovereign states" (Dkt. 509 at 8), this distinction makes no difference. The Belgian State sent a Diplomatic Note in December 2022, rather than a less formal communication, because the Brussels Court of Appeals specifically ordered a Diplomatic Note to be issued (Dkt. 509-2 at 83). Although more formal, the content of the Note does not suggest any change in the position of the Belgian State. To be sure, as Trabelsi emphasizes (Opp. 7-8), the 2022 Note does not expressly include language to document the State's disagreement with the Belgian courts, as in previous Notes and letters. But this fact carries no weight, especially given that the 2022 Note says absolutely

6

*zero* about this criminal case or the interpretation of the Extradition Treaty. Finally, as explained above, a Diplomatic Note requesting Trabelsi's return to Belgium sheds no light on whether Trabelsi should stand trial in the United States for the charged offenses before going back to Belgium.

### B. Trabelsi's Assorted Complaints About His Medical Treatment and Inadequate Trial Preparation Lack Relevance to This Interlocutory Appeal.

In addition to his demand for full briefing and argument on his extradition challenge, Trabelsi seeks "a limited remand ordering medical visits and an evaluation" (Opp. 7). Because the district court granted Trabelsi's request to represent himself at trial, he claims that the Sixth Amendment requires this medical evaluation (Opp. 6). Trabelsi also points to various comments in a 2022 Belgian Court evaluation concerning his health and conditions of confinement (Opp. 17). These claims are not properly before this Court in this interlocutory appeal.

This Court has jurisdiction to consider appeals from "final decisions of the district court." 28 U.S.C. § 1291. This final-judgment rule requires "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465

U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). "In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." *Id.* (citation omitted). The Court has allowed a departure from this rule only for the "limited category of cases falling within the 'collateral order' exception . . . ." *Id.* at 265 (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)). "Because of the compelling interest in prompt trials," the Supreme Court has interpreted the requirements of the collateral-order exception to the final judgment rule "with the utmost strictness in criminal cases." *Id.* For this reason, the Supreme Court has allowed appeals from pretrial orders only in unique circumstances where the asserted right would be destroyed if not vindicated before trial, such as in bail determinations, double-jeopardy challenges, Speech and Debate Clause claims, *id.*, or forced-medication challenges. *See Sell v. United States*, 539 U.S. 166 (2003).

The district court's pre-trial decisions about Trabelsi's medical evaluations and readiness for trial do not qualify as "final orders." Nor do these decisions qualify for interlocutory review under the collateral-order doctrine. *See, e.g., United States v. Perkins,* 433 F.2d 1182 (D.C.

8

Cir. 1970) (order denying motions of federal arrestees for mental examinations and a concomitant stay of removal proceedings did not fall within collateral-order exception to final-judgment rule; appeals dismissed for lack of jurisdiction); *United States v. Perea,* 977 F.3d 1297, 1300 (10th Cir. 2020) ("an order finding a defendant competent to stand trial does not 'conclusively determine' the defendant's competency" because competency may be challenged throughout the trial and, in any event, the issue can be reviewed on appeal from the final judgment); *United States v. No Runner*, 590 F.3d 962, 964 (9th Cir. 2009) ("A pretrial competency order does not conclusively determine the question of competency and it can be effectively reviewed following the final judgment.").

In any event, this Court should decline to consider Trabelsi's bare-bones claims at this juncture. His pleadings do not fully develop the claims, let alone adequately summarize the lengthy procedural history and applicable law related to them. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *New York Rehab. Care Mgmt., LLC v. N.L.R.B.*, 506 F.3d

1070, 1076 (D.C. Cir. 2007) (quoting, inter alia, *Schneider v. Kissinger*, 412 F.3d 190, 200 n. 1 (D.C. Cir. 2005)).

## CONCLUSION

WHEREFORE, the government respectfully requests that this Court summarily affirm the district court's March 10, 2023, decision and allow this case to proceed to trial.

Respectfully submitted,

MATTHEW M. GRAVES
Acting United States Attorney

THOMAS N. SAUNDERS
CHRISTOPHER TORTORICE
Assistant United States Attorneys

_____/s/_____
CHRISELLEN R. KOLB
D.C. Bar #426343
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
Chrisellen.R.Kolb@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 1,764 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
CHRISELLEN R. KOLB
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Robin M. Earnest, Esq., REarnestLaw@gmail.com, on this 27th day of April 2023.

/s/
CHRISELLEN R. KOLB
Assistant United States Attorney

EXHIBIT 1

**Luc AMEELE**
Huissier de Justice
V. Baetensstraat 3
1500 HALLE

**ADMINISTRATION CENTRALE**
**SRL VANDENBOSCH-AMEELE**
V. Baetensstraat 3 – 1500 HALLE
BCE & TVA BE 0476.453.310

Tél.: 00 32 (0)2/363.82.82
Fax: 00 32 (0)2/363.82.81
E-mail : studie@gdw-ameele.be

**Inge NECKEBROECK**
Candidat Huissier de Justice

IBAN BE 95 7340 0516 5358
BIC KREDBEBB

Dossier M2300690

## SIGNIFICATION DE POURVOI EN CASSATION

**Original**

L'an DEUX MILLE VINGT-TROIS, le vingt-sept mars.

**A LA REQUETE DE :**

L'ETAT BELGE, représenté par le Ministre de la Justice, Service Fédéral de la Justice, avec numéro d'entreprise 0308.357.753, dont le cabinet est établi établi à 1000 BRUXELLES, Boulevard de Waterloo, 115

**Demandeur en cassation.**

Représenté et assisté par Maître Bruno MAES, Avocat à la Cour de Cassation, dont le cabinet est établi à 1170 BRUXELLES, Chaussée de La Hulpe 177/7, chez qui il est fait élection de domicile (bruno.maes@lmbd.be)

Je soussignée, Gretl VICTOR, Huissier de Justice suppléant en remplacement de Luc AMEELE, Huissier de Justice de résidence à 1500 HALLE, Victor Baetensstraat 3.

**AI SIGNIFIE ET LAISSE COPIE A :**

Monsieur TRABELSI Nizar,
Ayant fait élection de domicile au cabinet de son conseil, Maître ALAMAT Dounia, Avocat, dont le cabinet est établi à 1000 BRUXELLES, Rue Emile Claus 4.

Où étant, j'ai parlé à:

Ainsi déclaré, qui (ne) signe (pas) mon original pour réception de la copie.

Attendu que l'exploit n'a pu être signifié comme il est dit aux art. 33 à 35 du C.J., j'en ai laissé une copie conformément à l'article 38 par. 1 du C.J., à .�.�..h.

**Défendeur en cassation.**

Du pourvoi en cassation de mon requérant daté du 20 mars 2023 contre un arrêt rendu entre parties en date du 12 septembre 2022 par la 1ère Chambre F, affaires civiles, de la Cour d'Appel de Bruxelles (R.G. n° 2020/AR/508).

Et d'un même contexte, j'ai sommé la partie signifiée de répondre au pourvoi en cassation de mon requérant endéans le délai légal.

Par le présent exploit, j'ai ensuite donné CITATION à la partie signifiée à comparaître, après l'accomplissement des formalités de procédure et l'expiration des délais prévus en la matière à l'audience de la Cour de Cassation siégeant à Bruxelles, Palais de Justice, Place Poelaert, aux jour et lieu ordinaire des audiences, à neuf heures trente du matin.

AUX FINS DE :

```
FF       159,83
VACS      14,41
PC        11,27
DINF       8,97
FINF       0,15
ENR°      50,00
VACDEP    17,88
TPL°      12,50
CREA       1,35
         ------
         276,36

EXCL 0    62,50
EXCL 21  213,86
TVA       44,90
         ======
         321,26

Port       2,14
TVA        0,45
         ------
           2,59
         ======
         323,85
```

Y entendre faire droit sur le pourvoi en cassation de mon requérant.

En conséquence, entendre casser l'arrêt rendu entre parties en date du 12 septembre 2022 par la 1ère Chambre F, affaires civiles, de la Cour d'Appel de Bruxelles (R.G. n° 2020/AR/508), entendre ordonner qu'il en soit fait mention en marge de la décision cassée et entendre renvoyer la cause et les parties devant une autre Cour d'Appel

Entendre statuer comme de droit quant aux dépens.

Recours fondé sur les moyens en cassation repris dans la requête signifiée et à développer en cours d'audience.

Et pour que la (les) partie(s) signifiée(s) n'en ignore(nt), je lui (leur) ai laissé (à chacune d'elles séparément), étant et parlant comme il est dit ci-dessus, une copie du présent exploit et du pourvoi en cassation signifié, sous pli fermé, conformément à la Loi, s'il échet.

DONT ACTE.

COUT : TROIS CENT VINGT ET UN EUROS ET VINGT-SIX CENTIMES
Droit d'enregistrement - Application de l'article 8bis du C. enreg. - ~~Droit d'enregistrement~~: 50,00 EUR

Eventuellement à majorer avec les frais de la lettre (art. 38 C. J)., soit € 2,59, par partie absente

€ 223,85

L'Huissier de Justice suppl.,

VICTOR Gretl

EXHIBIT 2

13

**Luc AMEELE**
Huissier de Justice
V. Baetensstraat 3
1500 HALLE

**ADMINISTRATION CENTRALE**
**SRL VANDENBOSCH-AMEELE**
V. Baetensstraat 3 – 1500 HALLE
BCE & TVA BE 0476.453.310

Tél.: 00 32 (0)2/363.82.82
Fax: 00 32 (0)2/363.82.81
E-mail : studie@gdw-ameele.be

**Inge NECKEBROECK**
Candidat Huissier de Justice



IBAN BE 95 7340 0516 5358
BIC KREDBEBB

# RECEPISSE

## COUR DE CASSATION - BRUXELLES

Reçu de l'étude de l'Huissier de Justice AMEELE Luc à 1500 Halle :

- la requête en cassation
- l'original de la signification du pourvoi

En cause de :

ETAT BELGE – MINISTRE DE LA JUSTICE

(Demandeur en cassation)

Contre :

TRABELSI Nizar

(Défendeur en cassation)

Décision attaquée : un arrêt rendu entre parties en date du 12 septembre 2022 par la 1ère Chambre F, affaires civiles, de la Cour d'Appel de Bruxelles (R.G. n° 2020/AR/508).

Avocat à la Cour de Cassation : Maître Bruno MAES

Bruxelles, le 29 mars 2023

Remis 1      2 9 MARS 2023
............................au greffe
de la Cour de Cassation.
                  Le greffier,

Xavier Beghin
Greffier dél. à la Cour de cassation