United States Court of Appeals
===

FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3034**                         **September Term, 2022**

**1:06-cr-00089-RDM-1**

**Filed On:** April 28, 2023

United States of America,

      Appellee

  v.

Nizar Trabelsi, also known as Nizar Ben
Abdelaziz Trabelsi, also known as Abu Qa'qa,

      Appellant

    **BEFORE:**    Millett, Wilkins, and Katsas, Circuit Judges

**O R D E R**

Upon consideration of the motion for summary affirmance, the response thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

"When there are multiple appeals taken in the course of a single piece of litigation . . . decisions rendered on the first appeal should not be revisited on later trips to the appellate court." Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 739 (D.C. Cir. 1995). In a previous appeal in this matter, this court held that it owed deference to Belgium's decision to extradite appellant to the United States, and that appellant had failed to rebut the resulting presumption that his extradition, and Belgium's analysis of the relevant legal issues in deciding to extradite him, comported with the terms of the treaty governing extradition. United States v. Trabelsi, 845 F.3d 1181 (D.C. Cir. 2017). This court later declined to revisit that holding, concluding that Belgian court decisions and diplomatic notes, which suggested that Belgian executive and judiciary bodies continued to disagree about the proper interpretation of the treaty, did not constitute significant new evidence. United States v. Trabelsi, 28 F.4th 1291 (D.C. Cir. 2022).

# 𝔘nited 𝔖tates 𝔊ourt of 𝔄ppeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3034**                                             **September Term, 2022**

     In the present appeal, appellant has not demonstrated that the September 12, 2022 judgment of the Brussels Court of Appeal, the December 7, 2022 Letter from the Belgian Ministry of Justice to the United States Department of Justice, and the December 13, 2022 Belgian diplomatic note constitute significant new evidence that warrants re-opening this resolved issue.  In particular, appellant has not shown that the December 13 diplomatic note evinces a material change in Belgium's official position with respect to the legality of appellant's extradition.  The note merely states that appellant's return to Belgium is being requested in accordance with the Court of Appeal's order.  Neither that court-ordered request, nor the absence of any language expressing disagreement with the Court of Appeal's holding, demonstrates that Belgium's official position has changed.  <u>See</u> <u>id.</u> at 1302 (concluding Belgian executive's remark "that it would not distance itself from the Belgian court's ruling is not the same as adopting the Belgian court's position on the Extradition Order as its own").

     Insofar as appellant requests in his opposition a limited remand to the district court for the purpose of obtaining medical treatment or evaluations, that request is now moot.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to issue the mandate forthwith to the district court.

**<u>Per Curiam</u>**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

                         BY:    /s/
                                         Amanda Himes
                                         Deputy Clerk